UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CITY OF JACKSONVILLE,

                         Plaintiff,

          v.

PINEBROOK 7500, LLC,
EVEREST CAMPUS EAST, LLC
d/b/a PEAKMADE REAL ESTATE,
CINDY RUIZ a/ka/ CINDY BERNARD,
property manager,
BELLA PROPERTY, LLC,

                         Defendants.

_____/

## COMPLAINT

Plaintiff, the City of Jacksonville, sues Defendants and alleges:

## INTRODUCTION

1.    This is a civil action for declaratory relief and monetary damages under the Fair Housing Act, as amended 42 U.S.C. §§ 3601 *et seq.*, and Title XI, Chapter 408 – Fair Housing of the Jacksonville Ordinance Code, Section 408.401, *et seq.* ("Chapter 408") brought by the City of Jacksonville on behalf of Aida Chimbo ("Complainant"), and pursuant to 42 U.S.C. § 3610 and § 3612 to redress discrimination on the basis of disability.

2.      Defendants wrongfully denied Aida Chimbo and her children a reasonable accommodation based on the children's disability when they failed to repair the air conditioning unit in her apartment and refused to provide her with an apartment with a working air conditioning unit.  The lack of air conditioning acerbated her children's asthma.

3.      As alleged more fully below, Pinebrook 7500, LLC, Everest Campus East, LLC, d/b/a Peakmade Real Estate, Bella Property, and Cindy Ruiz a/k/a Cindy Bernard, property manager (all Defendants herein are referred to collectively as "Defendants"), unlawfully discriminated against Ms. Chimbo based on her children's disability.

4.      Defendants' conduct violated the Fair Housing Act, 42, U.S.C. §§ 3601 *et seq.* (the "Act") and Chapter 408 of the Jacksonville Ordinance Code and should be declared unlawful, and appropriate monetary damages and other relief should be awarded.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 3612(o).

2

6.    This Court has supplemental jurisdiction over Chapter 408 pursuant to 28 U.S.C. § 1367.

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1391, 42 U.S.C. § 3612(o), 42 U.S.C. § 3610(f), and because the apartment complex owned by Pinebrook 7500 LLC and managed by Peakmade Real Estate and Bella Property ("the Property") is situated in this district and the events giving rise to the Complaint occurred in this district.

## PARTIES

8.    Plaintiff is the CITY of JACKSONVILLE, and is a body politic, acting on behalf of the Secretary of HUD pursuant to 28 U.S.C. § 3610(f) and acting on behalf of the Jacksonville Human Rights Commission pursuant to Sec. 408.514, Jacksonville Municipal Code.

9.    Defendant Pinebrook 7500, LLC is a foreign (California) limited liability company and is responsible for ensuring Defendants' compliance with federal, state, and local laws at the Pinebrook Apartments.

10.    Defendant Everest Campus East, LLC, d/b/a Peakmade Real Estate, is a foreign (Georgia) limited liability company that managed the subject property from September 2023 to March 2024.

3

11.    Defendant Bella Property LLC is a Florida limited liability company that managed the subject property until September 2023, resumed management of the property in March 2024, and remains the current property manager.

12.    At all times material to this Complaint, Defendant, Cindy Ruiz ("Ms. Ruiz"), was employed by Defendants Bella Property LLC and Peakmade Real Estate and was responsible for managing the Property.

13.    Complainant Aida Chimbo ("Ms. Chimbo") was the lessee of an apartment at Pinebrook Apartments at all times material to this Complaint and was subject to a lease dated September 21, 2022, for unit 77 at 7500 Powers Ave., Jacksonville, Florida, 32217, by and between Pinebrook Apartments and Ms. Chimbo.

14.    Ms. Chimbo's apartment during the time period relevant to this complaint constituted a "dwelling" within the meaning of the Act, 42 U.S.C. § 3602(b).

15.    Ms. Chimbo is an "aggrieved person" as that term is defined in the Act, 42 U.S.C. § 3602(i), and has suffered damages as a result of Defendants' conduct.

16.     The Property is located at 7500 Powers Avenue, Jacksonville, Florida, 32217.

## FACTS

17.     Complainant, Ms. Chimbo, first complained to Defendant, Bella Property, LLC, on July 22, 2023, that the air conditioner in her unit was not working.

18.     Ms. Chimbo lived in the unit with her three minor children who all suffered from asthma.  The lack of air conditioning in the unit exacerbated her children's asthma.

19.     Ms. Chimbo informed representatives of Bella Property that her children suffered from asthma and the air conditioning was needed to help minimize their symptoms.

20.     Ms. Chimbo complained to Bella Property again on August 4, 2023, that the air conditioner was leaking and blowing warm air.

21.     In early August 2023, Ms. Chimbo asked to be moved to another unit with a working air conditioner.  Bella Property offered her a different unit but at an increased rental rate that Ms. Chimbo could not afford.

22.    Ms. Chimbo eventually bought a window air conditioning unit for her apartment to try to mitigate the intense heat.

23.    On August 8, 2023, Bella Property provided Ms. Chimbo with an offer to renew her lease for another 12 months.  The offer was valid through August 16, 2023.

24.    Ms. Chimbo complained on August 16, 2023, that the air conditioner was still blowing warm air.

25.    On August 16, 2023, after her continued complaints, Bella Property gave Ms. Chimbo a notice of non-renewal and informed her she was not an optimal tenant, and it would not be renewing her lease.

26.    Ms. Chimbo believed Bella Property's decision to non-renew her lease was caused by her complaints about the air conditioning and request for a reasonable accommodation.

27.    Ms. Chimbo and her family moved out of Pinebrook Apartments in October 2023.

28.    From July 2023 until October 2023, Ms. Chimbo did not have working air conditioning in her apartment.

29.    On October 30, 2023, Ms. Chimbo filed a complaint with the Jacksonville Human Rights Commission (JHRC) alleging Defendants discriminated against her based on her children's disability and failed to make a reasonable accommodation.

30.    After an investigation, JHRC issued a Determination of Reasonable Cause finding Defendants failed to make a reasonable accommodation, and that Defendants retaliated against Ms. Chimbo.

31.    Ms. Chimbo was entitled to receive a reasonable accommodation from July to October 2023.

32.    Alternatively, Defendants should have allowed Ms. Chimbo to move to another unit at the same rental rate that had working air conditioning.

33.    Ms. Chimbo has been damaged as a result of Defendants' denial of her reasonable accommodation request and their retaliation.

34.    All conditions precedent to bringing this action have occurred, have been waived, or have otherwise been satisfied.

## COUNT ONE

## 42 U.S.C. § 3604(f)(3)(C) and § 3617

## Violation of the Fair Housing Act - Failures to Modify and Accommodate/Otherwise Made Housing Unavailable Because of a Disability and Retaliation

35.     Plaintiff realleges and incorporates in this count the allegations of Paragraphs 1 through 34, inclusive, as if fully set forth herein.

36.     Ms. Chimbo is a person with a handicap as defined by 42 U.S.C. § 3604(f)(1)(C) as she is a person associated with persons with a handicap.

37.     Defendants knew, or reasonably should have known, that Ms. Chimbo was associated with a person with a handicap.

38.     Pinebrook Apartments is a multifamily dwelling covered by the Fair Housing Act Accessibility Guidelines.

39.     Ms. Chimbo requested a reasonable accommodation from Pinebrook Apartments by requesting Defendants repair her air conditioner to mitigate the symptoms of her children's asthma.  42 U.S.C. § 3604(f)(3)(A). Defendants failed to provide the accommodation.

40.     Ms. Chimbo requested a reasonable accommodation in the rules, policies, procedures, or services of Pinebrook Apartments by requesting an alternate unit at the same rental rate that had a working air conditioner.   42

8

U.S.C. § 3604(f)(3)(B). Defendants refused this accommodation by insisting Ms. Chimbo pay a higher rental rate to move to an available unit.

41.    Defendants' refusal to repair her air conditioner or move her to another unit made housing unavailable to Ms. Chimbo and her children.

42.    As a result of Defendants' refusal to make the requested accommodation, Ms. Chimbo was unable to use and enjoy her dwelling to the same extent as persons associated with non-disabled individuals.

43.    Defendants' failure to provide a reasonable accommodation to accommodate her children's disability was discriminatory and unlawful.

44.    Defendants retaliated against Ms. Chimbo when they failed to renew her lease as a result of her requests for a reasonable accommodation in violation of 42 U.S.C. § 3617.

45.    Because Pinebrook Apartments is open to or has to be accessed not only by residents and tenants of Pinebrook, but also by potential tenants and residents of Pinebrook and other members of the public, and in order to effect compliance with federal, state, and local laws, the relief sought herein is in the public interest.

46.    **WHEREFORE**, Plaintiff requests that the Court order the

following relief:

a.  A declaration that the FHA has been violated and granting
    appropriate relief;

b.  An order requiring Defendants to take affirmative action to comply
    with the FHA and make accommodations to Defendants' rules,
    policies, practices, and procedures to be compliant with the FHA;

c.  Compensatory damages on behalf of Ms. Chimbo;

d.  Civil penalties and fines;

e.  Reasonable attorney's fees and costs incurred by Plaintiff in
    bringing this action; and

f.  Such other and further relief as this Court deems just and proper.

## COUNT TWO

### Jacksonville Ordinance Code ss. 408.405(b)(3) and 408.408

### Violation of the Jacksonville Municipal Code on Fair Housing – Failure to Accommodate and Retaliation

47.    Plaintiff realleges and incorporates in this count the allegations

of Paragraphs 1 through 34, inclusive, as if fully set forth herein.

48.    Ms. Chimbo is a person associated with a person with a handicap

as defined by Jacksonville Ordinance Code section 408.405(b)(3).

49.    Defendants knew, or reasonably should have known, that Ms.

Chimbo was associated with a person with a handicap.

50.    Pinebrook Apartments is a multifamily dwelling covered by Chapter 408.

51.    Ms. Chimbo requested a reasonable accommodation by requesting her air conditioner to be fixed.  Jacksonville Ordinance § 408.405(b)(3).  Defendants refused to provide a reasonable modification by denying and delaying Ms. Chimbo's reasonable request to repair her air conditioner.

52.    Ms. Chimbo requested a reasonable accommodation in the rules, policies, procedures, or services of Pinebrook Apartments by requesting an alternate unit with working air conditioning.  Jacksonville Ordinance Code § 408.405(b)(3).

53.    Defendants refused to provide a reasonable accommodation by denying Ms. Chimbo's reasonable request to move to a unit with no increase in rent that had working air conditioning.

54.    Defendants' delay and refusal to provide the requested accommodation made housing unavailable to Ms. Chimbo and her children.

55.    As a result of Defendants' refusal to make the requested modification or accommodation, Ms. Chimbo and her children were unable to

use and enjoy her dwelling to the same extent as persons associated with non-disabled individuals.

56.     Defendants' failure to provide an accommodation for her children's disability was discriminatory and unlawful.

57.     Defendants retaliated against Ms. Chimbo when they refused to renew her lease because she requested a reasonable accommodation. Jacksonville Ordinance Code § 408.408.

58.     Because Pinebrook Apartments is open to or has to be accessed not only by tenants and residents, but also by potential tenants and residents and other members of the public, and in order to effect compliance with federal, state, and local laws, the relief sought herein is in the public interest.

59.     **WHEREFORE**, Plaintiff requests that the Court order the following relief:

      a. A declaration that Jacksonville Ordinance Code section 408 has been violated and granting appropriate relief;

      b. An order requiring Defendants to take affirmative action to comply with Jacksonville Ordinance Code section 408 and make accommodations to Defendants' rules, policies, practices, and procedures to be compliant with Jacksonville Ordinance Code section 408;

      c. Compensatory damages on behalf of Ms. Chimbo;

      d. Civil penalties and fines;

    e. Reasonable attorney's fees and costs incurred by Plaintiff in bringing this action; and

    f. Such other and further relief as this Court deems just and proper.

60. Plaintiff demands a trial by jury.

OFFICE OF GENERAL COUNSEL

*/s/ Laura Boeckman*
**Laura Boeckman – Lead Counsel**
Assistant General Counsel
Fla. Bar No. 527750
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Phone (904) 255-5054
Facsimile: (904) 255-5120
LBoeckman@coj.net; aristevski@coj.net
**Katy Harris**
Assistant General Counsel
Fla. Bar No. 467103
117 West Duval Street, Suite 480
Jacksonville, Florida  32202
Phone (904) 255-5100
katyh@coj.net; lcenac@coj.net